**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CORRY M. BROOKS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-4535** |
| | : | |
| **CHERL STEBERGER, *et al.*,** | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this 4th day of January, 2024, upon consideration of Plaintiff Corry M.

Brooks's Motion to Proceed *In Forma Pauperis* (ECF No. 1), his Prisoner Trust Fund Account

Statement (ECF No. 6), *pro se* Complaint (ECF No. 2), and Motion for Appointment of Counsel

(ECF No. 3), it is **ORDERED** that:

1.      Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.      Corry M. Brooks, #20160000921, shall pay the full filing fee of $350 in

installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case.  The Court

directs the Warden of Lancaster County Prison or other appropriate official to assess an initial

filing fee of 20% of the greater of (a) the average monthly deposits to Brooks's inmate account;

or (b) the average monthly balance in Brooks's inmate account for the six-month period

immediately preceding the filing of this case.  The Warden or other appropriate official shall

calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court

with a reference to the docket number for this case.  In each succeeding month when the amount

in Brooks's inmate trust fund account exceeds $10.00, the Warden or other appropriate official

shall forward payments to the Clerk of Court equaling 20% of the preceding month's income

credited to Brooks's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

3.    The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of Lancaster County Prison.

4.    The Complaint is **DEEMED** filed.

5.    The Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for the reasons stated in the Court's Memorandum as follows:

> a.    All official capacity claims against PrimeCare Medical Inc. are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).
>
> b.    All individual and official capacity claims against Warden Cherl Steberger, as well as the individual capacity claims against PrimeCare Medical Inc., are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).
>
> c.    All state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

6.    Brooks may file an amended complaint no later than **February 5, 2024**.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Brooks's claims against each defendant.  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Brooks should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum.  Brooks

may not reassert a claim that has been dismissed with prejudice.  Upon the filing of an amended

complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7.    The Clerk of Court is **DIRECTED** to send Brooks a blank copy of the Court's

form complaint for a prisoner filing a civil rights action bearing the above civil action number.

Brooks may use this form to file his amended complaint if he chooses to do so.

8.    If Brooks does not wish to amend his Complaint and instead intends to stand on

his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of

the date of this Order stating that intent, at which time the Court will issue a final order

dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall

include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d

Cir. 2019) ("'If the plaintiff does not desire to amend, he may file an appropriate notice with the

district court asserting his intent to stand on the complaint, at which time an order to dismiss the

action would be appropriate.'" (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d

Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703-04 (3d Cir. 1996) (holding "that

the district court did not abuse its discretion when it dismissed with prejudice the otherwise

viable claims . . . following plaintiffs' decision not to replead those claims" when "[t]he district

court expressly warned plaintiffs that failure to replead the remaining claims . . . would result in

the dismissal of those claims").

9.    If Brooks fails to file any response to this Order, the Court will conclude that

Brooks intends to stand on his Complaint and will issue a final order dismissing this case.[1]  *See*

*Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d
Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his
complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as

inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

        10.     Brooks's Motion for Appointment of Counsel (ECF No. 3) is **DENIED WITHOUT PREJUDICE** as premature.

                              BY THE COURT:

                              /s/ John R. Padova, J.

                              _____

                              John R. Padova, J.

---

distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*) (differentiating "standing on the complaint" from failure to prosecute).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 n.2 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary." (citations omitted)); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).