**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CORRY M. BROOKS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-4535** |
| | : | |
| **CHERYL STEBERGER,** *et al.*, | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

AND NOW, this 19th day of March, 2024, upon consideration of Plaintiff Corry M. Brooks's *pro se* Amended Complaint (ECF No. 11), it is **ORDERED** that:

1.      The Clerk is **DIRECTED** to amend the docket to reflect the proper spelling of Defendant Cheryl Steberger's name, as reflected in the Amended Complaint.  This Order and accompanying Memorandum and all future filings in this case shall bear the corrected spelling.

2.      The Amended Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for the reasons stated in the Court's Memorandum as follows:

> a.   All official capacity claims against Nurse Jane Doe and Lori Hensley are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

> b.   All claims against Warden Cheryl Steberger and PrimeCare Medical, Inc., as well as the individual capacity claims against Nurse Jane Doe and Lori Hensley, are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

    c.   All state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

3.    Brooks may file a second amended complaint no later than April 18, 2024.  Any second amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Brooks's claims against each defendant.  The second amended complaint shall be a complete document that does not rely on the initial Complaint, Amended Complaint, or other papers filed in this case to state a claim.  When drafting his second amended complaint, Brooks should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum.  Brooks may not reassert a claim that has been dismissed with prejudice.  Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

4.    The Clerk of Court is **DIRECTED** to send Brooks a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Brooks may use this form to file his second amended complaint if he chooses to do so.

5.    If Brooks does not wish to amend his Amended Complaint and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court no later than April 18, 2024 stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir.

1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703-04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

6.      If Brooks fails to file any response to this Order, the Court will conclude that Brooks intends to stand on his Amended Complaint and will issue a final order dismissing this case.[1]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 n.2 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary.") (citation omitted); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).