IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CORRY M. BROOKS,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-4535 |
| | : | |
| **CHERYL STEBERGER,** *et al.*, | : | |
|     **Defendants.** | : | |

### ORDER - MEMORANDUM

*Pro se* Plaintiff Corry M. Brooks, an inmate currently confined at Lancaster County Prison ("LCP"), initiated this action alleging violations of his civil rights by Defendants Warden Cheryl Steberger and PrimeCare Medical, Inc. ("PrimeCare"). (ECF No. 2.) Brooks claimed that his constitutional rights were violated in July 2023 when LCP's water supply became contaminated, he fell ill as a result, and he was not treated adequately by the prison's medical staff. (*See* ECF No. 2 at 1-17.)[1] By Memorandum and Order dated January 4, 2024, the Court granted Brooks leave to proceed *in forma pauperis* and dismissed his § 1983 claims for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and his state law claims for lack of subject matter jurisdiction. (ECF Nos. 7, 8.)[2] Brooks was given thirty-days leave to file an

---

[1] When citing to the docket, the Court adopts the pagination assigned by the CM/ECF docketing system.

[2] The Court determined, *inter alia*, that Brooks failed to allege how Warden Steberger was personally involved in the events giving rise to his constitutional claims, as he merely alleged that Warden Steberger is responsible for the welfare of the inmates and the overall operations and functions of LCP. (*See* ECF No. 7 at 8.) Furthermore, the Court found that Brooks did not plausibly plead a claim of supervisory liability against Warden Steberger. (*Id.* at 8-9.) Brooks's claims against PrimeCare also were dismissed because Brooks failed to tie his allegations of deliberate indifference to his serious medical needs to a custom or policy of PrimeCare. (*Id.* at 10.) The official capacity claim against PrimeCare was dismissed with prejudice. (*Id.* at 9 n.6.) Additionally, Brooks's negligence claim was dismissed without prejudice for lack of subject matter jurisdiction. (*Id.* at 11-12.)

amended complaint.  (ECF No. 8.)  He later sought an extension of time, which was granted.  (ECF Nos. 9, 10.)

On March 4, 2024, Brooks filed an Amended Complaint alleging violations of his federal consistutional rights, as well as state law claims.  (ECF No. 11.)  By Memorandum and Order dated March 19, 2024, the Court dismissed the § 1983 claims presented in the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  (ECF. Nos. 12, 13.)[3]  Brooks's state law claims again were dismissed without prejudice for lack of subject matter jurisdiction.  (*Id.* at 16-17.)  Brooks was given thirty-days leave to file a Second Amended Complaint in the event he could cure the deficiencies noted by the Court.  (ECF No. 13.)  On April 18, 2024, Brooks filed a request for an extension of time, which was granted.  (ECF Nos. 14, 15.)  On May 28, 2024, Brooks filed the Second Amended Complaint that is presently before the Court.  (ECF No. 16.)

In the Second Amended Complaint, Brooks indicates that PrimeCare Medical, Inc., Lori Hensley, and Nurse Jane Doe are no longer parties to the matter, and names as Defendants Warden Cheryl Steberger and C.G.L., who is identified as a contractor providing maintenance services at LCP.  (*Id.* at 1, 3.)  Brooks further indicates that the claims against Warden Steberger have been amended, that "dates and approximate times and places will remain in this Complaint," that "the 'Injuries' and 'Relief' portions of the original Complaint will also stand," and that "all other sections of the original Complaint stand."  (*Id.* at 1.)

---

[3] The Court determined that Brooks had failed to allege a plausible conditions of confinement claim or a plausible supervisory liability claim against Warden Steberger.  (ECF No. 12 at 6-10.)  Additionally, the Court found that Brooks failed to plausibly plead a constitutional claim based on inadequate medical care by Nurse Jane Doe, and consequently, failed to plausibly plead a failure to train claim against PrimeCare and Lori Hensley.  (*Id.* at 10-15.)  The Court also dismissed the official capacity claims against Nurse Jane Doe and Lori Hensley with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  (*Id.* at 15 n.2.)

Brooks's attempt to incorporate portions of prior filings into the Second Amended Complaint is not permissible under the Federal Rules of Civil Procedure. Although Federal Rule of Civil Procedure 15 contemplates amended pleadings, "an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (citations omitted). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.* (citations omitted). While the Court must liberally construe *pro se* pleadings, "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019). This means that any filing that seeks to amend a complaint must name all of the defendants, list all claims against those defendants, and include all factual allegations in that pleading, rather than referring back to the initial complaint. *See Smith v. Price*, No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted*, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012) ("[A]s a practical matter, the filing of amended . . . complaints effectively constitutes an abandonment of any prior complaints filed by a plaintiff."); *see also Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims." (internal quotations omitted)).

Brooks is representing himself (proceeding *pro se*) and may not have appreciated that the Court cannot disregard the Federal Rules of Civil Procedure to piece together allegations from the Second Amended Complaint and prior complaints. Because of the manner in which Brooks presented his claims in the Second Amended Complaint, the Court lacks a clear operative pleading and an understanding of his allegations and claims. Accordingly, the Court will give

Brooks an opportunity to file a complete and comprehensive Third Amended Complaint in which he may bring all of his allegations and claims together in one pleading. *See Angelo v. NVR, Inc.*, No. 18-523, 2020 WL 1443214, at *4 (D. Del. Mar. 24, 2020) ("Plaintiff is reminded that should he opt to file a second amended complaint, all allegations shall be contained in one pleading . . . ."); *Bradford v. Currid*, No. 15-606, 2015 WL 8784663, at *2 (W.D. Okla. Dec. 15, 2015) (requiring plaintiff to file one comprehensive pleading because "the Court will not piecemeal together the allegations from the Complaint, the Supplemental Facts and the Amended Complaint to discern whether Plaintiff can proceed with his claims").

**AND NOW**, this 10th day of June, 2024, upon consideration of the Second Amended Complaint, it is hereby **ORDERED** that:

1. Brooks may file a comprehensive Third Amended Complaint in which he may bring all of his allegations and claims together in one pleading on or before **July 10, 2024**. Any Third Amended Complaint must identify all defendants in the caption, in addition to identifying them in the body of the Third Amended Complaint, and shall state the basis for Brooks's claims against each defendant. **The Third Amended Complaint shall be a complete document that does not rely on the initial Complaint, Amended Complaint, Second Amended Complaint, or other papers filed in this case to state a claim. Claims, Defendants and allegations not included in the Third Amended Complaint will not be considered part of this case.** Upon the filing of a Third Amended Complaint, the Clerk shall not make service until so **ORDERED** by the Court.

2. The Clerk of Court is **DIRECTED** to send Brooks a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Brooks may use this form to file his Third Amended Complaint if he chooses to do so.

3.  To assist with his preparation of the Third Amended Complaint, the Clerk of Court is further **DIRECTED** to send Brooks a copy of the Complaint (ECF No. 2), the Amended Complaint (ECF No. 11), and the Second Amended Complaint (ECF No. 16).

4.  In the event Brooks returns with a Third Amended Complaint, the Court will screen the Third Amended Complaint pursuant to 28 U.S.C. § 1915(e), as it has done with Brooks's initial Complaint and Amended Complaint. If Brooks fails to file any response to this Order, the Court will conclude that Brooks intends to stand on his Second Amended Complaint and will proceed with screening that pleading pursuant to 28 U.S.C. § 1915(e).

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.