UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF PENNSYVANNIA

Corry M. Brooks )
)
v. )           No. 23-CV-4535
)
CHERYL STEBERGER, C.G.L. )
)

AMENDED COMPLAINT

1. DEFENDANT(S) PRIMECARE MED. INC., LORI HEHNLY, AND JANE DOE ARE NO LONGER PARTIES IN THIS COMPLAINT.

2. DEFENDANT CHERYL STEBERGER AND C.G.L. ARE PARTIES IN THIS AMENDED COMPLAINT.

3. PORTIONS OF STATEMENTS MADE ON DEFENDANT CHERYL STEBERGER AND THE VIOLATIONS OF POLICY WERE AMENDED IN THIS COMPLAINT AS WELL.

RESPECTFULLY,

1 OF 1

RECEIVED
JUL 1 1 2024

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

# UNITED STATES DISTRICT COURT

for the

Eastern  District of Pennsylvania

|  |  |
|---|---|
| CORRY M. BROOKS _____ ) <br> *Plaintiff(s)* <br> *(Write the full name of each plaintiff who is filing this complaint.* <br> *If the names of all the plaintiffs cannot fit in the space above,* <br> *please write "see attached" in the space and attach an additional* <br> *page with the full list of names.)* <br> **-v-** <br><br> CHERYL STEBERGER, CGL _____ <br> *Defendant(s)* <br> *(Write the full name of each defendant who is being sued.  If the* <br> *names of all the defendants cannot fit in the space above, please* <br> *write "see attached" in the space and attach an additional page* <br> *with the full list of names.  Do not include addresses here.)* | Case No.  23-CV-4535 _____ <br> *(to be filled in by the Clerk's Office)* |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### (Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

The Clerk will not file a civil complaint unless the person seeking relief pays the entire filing fee (currently $350) and an administrative fee (currently $52) in advance, or the person applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915. A prisoner who seeks to proceed in forma pauperis must submit to the Clerk (1) a completed affidavit of poverty and (2) a copy of the trust fund account statement for the prisoner for the six month period immediately preceding the filing of the complaint, as well as monthly installment payments equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00, until the entire filing fee has been paid. See 28 U.S.C. § 1915(a)(2).

If the Judge enters an order granting a prisoner's application to proceed in forma pauperis, then the order will assess the filing fee (currently $350) against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct an initial partial filing fee equal to 20% of the greater of the average monthly deposits to the prison account or the average monthly balance in the prison account for the six-month period immediately preceding the filing of the complaint, as well as monthly installment payments equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00, until the entire filing fee has been paid. See 28 U.S.C. § 1915(b). **A prisoner who is granted leave to proceed in forma pauperis is obligated to pay the entire filing fee regardless of the outcome of the proceeding, and is not entitled to the return of any payments made toward the fee.**

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Corry M. Brooks |
| All other names by which you have been known: | Situation |
| ID Number | 20160000921 |
| Current Institution | Lancaster County Prison |
| Address | 625 E. King St. |
| | Lancaster              PA          17602 |
| | City                State        Zip Code |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Cheryl Steberger |
| Job or Title *(if known)* | Warden |
| Shield Number | N/A |
| Employer | Lancaster County Prison |
| Address | 625 E. King St. |
| | Lancaster              PA          17602 |
| | City                State        Zip Code |

☒ Individual capacity     ☐ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | C.G.L. |
| Job or Title *(if known)* | Maintence Company |
| Shield Number | N/A |
| Employer | Lancaster County Prison |
| Address | 625 E. King St. |
| | Lancaster              PA          17602 |
| | City                State        Zip Code |

☒ Individual capacity     ☐ Official capacity

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

Defendant No. 3

    Name _____

    Job or Title *(if known)* _____

    Shield Number _____

    Employer _____

    Address _____

                     *City*       *State*      *Zip Code*

    ☐ Individual capacity   ☐ Official capacity

Defendant No. 4

    Name _____

    Job or Title *(if known)* _____

    Shield Number _____

    Employer _____

    Address _____

                     *City*       *State*      *Zip Code*

    ☐ Individual capacity   ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    — SEE ATTACHED _____

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

II. BASIS FOR JURISDICTION

A. ☒ STATE OR LOCAL OFFICIALS (A § 1983 CLAIM)


B. PLAINTIFF RAISES 14th AMENDMENT VIOLATIONS AND GROSS NEGLIGENCE
CLAIMS AGAINST PRISON WARDEN AND THE FACILITIES MAINTENANCE
PERSONEL, DUE TO THE LACK OF CARE, MAINTENCE AND THE CONTAMINATION
OF THE PRISONS WATER SYSTEM.


C.

D. THE DEFENDANT, CHERYL STEBERGER, WARDEN OF THE LANCASTER COUNTY
PRISON, WHERE THE PLAINTIFF, CORRY M. BROOKS IS CONFINED, AWARE OF
THE POLICIES AND PROCEDURES PERTAINING TO THE OPERATIONS OF THE
FACILITY, HAD KNOWLEDGE OF THE OUTDATED PLUMBING AND EQUIPMENT
UTILIZED FOR THE PRISONS WATER SYSTEM, FAILING TO MEET THE
MINIMUM REQUIREMENTS UNDER 37 PA. CODE § 95.248 (1), (2), (3), (4),
OF THE SANITATION, MAINTENANCE, AND SAFETY POLICIES.


THE DEFENDANT, C.G.L. MAINTENANCE COMPANY HIRED BY THE LANCASTER
COUNTY PRISON, TO PROVIDE THE FACILITY WITH A RANGE OF DUTIES, INCLUDING
THE PRISONS PLUMBING AND THE WATER SYSTEM, VIOLATING STATE
REGULATIONS 37 PA. CODE § 95.248. (1), (2), (3), (4). WHEN THEY FAILED TO
INSPECT, AND CARE FOR THE EQUIPMENT AND MANAGEMENT OF THE WATER
SUPPLY IN THE PRISON.

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any
statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia."
42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color
of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of
federal law.  Attach additional pages if needed.

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐    Pretrial detainee

☐    Civilly committed detainee

☐    Immigration detainee

☐    Convicted and sentenced state prisoner

☐    Convicted and sentenced federal prisoner

☐    Other *(explain)*

## IV.    Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the
alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include
further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite
any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain
statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

— SEE ATTACHED

Page 4 of 11

III. PRISONER STATUS
   ☒ PRETRIAL DETAINEE


IV. STATEMENT OF CLAIM

   1. DEFENDANT, CHERYL STEBERGER, DID ACT WITH GROSS NEGLIGENCE WHILE EMPLOYED AS THE WARDEN, AT THE LANCASTER COUNTY PRISON. THE DEFENDANT WAS AWARE OF THE STATES MINIMUM REQUIREMENTS POLICIES, HAD KNOWLEDGE OF THE FACILITIES OUTDATED PLUMBING SYSTEM AND THE EQUIPMENT, AS WELL AS THE PROCEDURES TO MANAGE AND MAINTENANCE THE FACILITIES WATER SYSTEM. DEFENDANT CHERYL STEBERGER, IS NOTIFIED ON A MONTHLY BASIS, PER POLICY, ON THE SANITATION OF THE FACILITY. SHE EITHER RECIEVED THE REPORT OF THE IMPURITY LEVELS AND FAILED TO TAKE ACTION OR DEFENDANT FAILED TO APPLY ANY PREVENTIVE ACTIONS TO KEEP ANYONE FROM CONTRACTING ANY HARMFUL DESEASES. WHICH IS WHY THE PLAINTIFF, CORRY M. BROOKS FELL SEVERELY ILL CONTRACTING PNUEMONIA/LEGIONELLA AS A RESULT.


   2. DEFENDANT, C.G.L. (MAINTENANCE PERSONEL) HIRED BY THE LANCASTER COUNTY PRISON, ACTED WITH GROSS NEGLIGENCE BY FAILING TO ENSURE REGULAR CARE AND INSPECTIONS OF THE EQUIPMENT THAT IS ESSENTIAL FOR SAFE AND EFFICIENT OPERATION OF THE EQUIPMENT. THAT FILTERS AND DISTRIBUTES THE WATER THROUGH OUT THE FACILITY

PAGE 4 OF 11 (CONT'D)

B. — ON THE TOP TIER OF G-2 HOUSING UNIT, IN CELL #2075 OF THE LANCASTER COUNTY PRISON, FROM JULY 22ND – JULY 28TH, 2023.

ATTACHMENT PAGE 5 OF 11

C. THE PLAINTIFF FILLED OUT A SICK CALL REQUEST ON MONDAY JULY 24TH, 2023 @ 13:16:03. IT IS UNCLEAR WHEN THE TELEPHONE CALL TO THE MEDICAL DEPT. WAS MADE EXACTLY, POSSIBLY ON ONE OF THE EVENINGS AFTER 4 P.M. DURING THE MIDDLE OF THAT WEEK. WAS ESCORTED TO THE MEDICAL DEPT. ON FRIDAY, JULY 28TH 2023 BETWEEN 2-4 P.M. AND WAS THEN TRANSPORTED TO THE LANCASTER GENERAL HOSPITAL BETWEEN 4:30-5:30 P.M. TO BE DIAGNOSED ADEQUATELY.

D. THE PLAINTIFF, BEGAN EXPERIENCING A SEVERE HEADACHE, WHICH THEN PROGRESSED FROM ALTERNATING SYMPTOMS OF RAPID CHILLS, ON TO PROFUSELY SWEATING FOR HOURS WITH EACH OF THOSE SYMPTOMS. PLAINTIFF DID BECOME DELIRIOUS, DISORIENTED, HAD A LOSS OF BALANCE, LACK OF APPETITE, AND LOST 10-15 POUNDS. HE WAS ALSO COUGHING, VOMITING, HAD SORE MUSCLES, COULDN'T BREATHE AND HAD DIARHEA. WITH EACH PASSING DAY SYMPTOMS INCREASING WHILE GOING UNTREATED, OTHER INMATES BECAME AWARE OF MR. BROOKS' ILLNESS AND ALERTED STAFF OF THE SERIOUSNESS OF HIS CONDITION AND HIS INABILITY TO EAT ANY MEALS. THE HOUSING UNIT COUNSLER, MR. MOSELY WAS MADE AWARE, AND HE THEN INFORMED INVESTIGATOR HACKLER OF THE PLAINTIFF'S DECLINE IN —

ATTACHMENT PAGE 5 OF 11 (CONT'D)

D. —— HEALTH. THE INVESTIGATOR RELAYED THIS INFORMATION TO MEDICAL PERSONEL, AND ASKED MR. BROOKS TO BE FURTHER EVALUATED. WITH THE LACK OF ESSENTIAL MEDICAL SUPPLIES TO TEST HIM, IT WAS DETERMINED BY MEDICAL STAFF MS. STORM TO HAVE THE PLAINTIFF ADMITTED TO THE LANCASTER GENERAL HOSPITAL TO BE GIVEN THE PROPER MEDICAL TREATMENT. AFTER LAB WORK AND X-RAYS, THE DOCTOR DIAGNOSED MR. BROOKS WITH PNEUMONIA/LEGIONELLA. HE WAS PROSCRIBED TWO ANTIBIOTICS AND RELEASED FROM L.G.H.

## V. INJURIES

ONLY WHEN THE PLAINTIFF'S ILLNESS WAS REPORTED TO AN ADMINISTRATIVE OFFICIAL, WAS IT THEN TAKEN AS A SERIOUS MATTER. UPON THE PROPER TREATMENT BY LANCASTER GENERAL HOSPITAL (L.G.H.), AND THE APPROPRIATE ANTIBIOTICS, MR. BROOKS REGAINED HIS HEALTH AND RECOVERED. BUT MR. BROOKS NOW SUFFERS FROM DEHYDRATION, WHILE HE REMAINS IN THIS FACILITY. BECAUSE OF THIS PAINFUL EXPERIENCE, HE HAS DEVELOPED ANXIETY AND HAS BECOME HESITANT TO DRINK THE FACILITIES WATER AND USE ITS SHOWER, FOR FEAR OF CONTRACTING PNEUMONIA/LEGIONELLA A SECOND TIME. WHICH THE PLAINTIFF EXPLAINS WAS EXTREMELY SCARY AND PAINFUL TO HAVE HAD ENDURED. HE CLAIMS IT WAS LIKE HE WAS DIEING BY TORTORE.

## VI. RELIEF

THE PLAINTIFF, CORRY M. BROOKS, HAS NO PLAIN OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN. THE PLAINTIFF HAS BEEN INJURED BY THE CONDUCT OF THE DEFENDANTS, OR LACK THERE OF, AND IS REQUESTING MONETARY RELIEF IN THE AMOUNT OF $1.5 MILLION FOR COMPENSATORY DAMAGES. MR BROOKS EXPRESSES THAT IF HE WENT UNTREATED ANY LONGER, HIS ILLNESS COULD HAVE RESULTED IN DEATH, LEAVING BEHIND TWO YOUNG CHILDREN IN THE PROCESS. HE IS NOW SUFFERING FROM DEHYDRATION, ANXIETY, AND IS FEARFUL OF USING THE FACILITIES WATER, UNSURE IF IT'S BEEN PROPERLY TREATED. HE ALSO ASSERTS THAT HE IS UNSURE WHAT LONG TERM EFFECTS IT WILL HAVE ON HIM. THE PLAINTIFF, IS ALSO REQUESTING PUNITIVE RELIEF IN THE AMOUNT OF $3 MILLION FOR UNSAFE AND UNSANITARY PRISON CONDITIONS, AND GROSS NEGLIGENCE, BECAUSE OF THE POSSIBILITY THAT MANY OTHER PEOPLE WERE EXPOSED AS HE WAS.

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

C.     What date and approximate time did the events giving rise to your claim(s) occur?

— SEE ATTACHED

D.     What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

— SEE ATTACHED

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

— SEE ATTACHED

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

— SEE ATTACHED

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

LANCASTER COUNTY PRISON

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☒ No

☐ Do not know

If yes, which claim(s)?

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.   Where did you file the grievance?

— SEE ATTACHED

2.   What did you claim in your grievance?

— SEE ATTACHED

3.   What was the result, if any?

— SEE ATTACHED

4.   What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

— SEE ATTACHED

ATTACHMENT PAGE 7 OF 11.

E. 1. THE PLAINTIFF, FILED GRIEVANCES THROUGH THE FACILITIES ELECTRONIC GRIEVANCE SYSTEM VIA TABLET/KIOSK, PROVIDED BY SECURUS TECHNOLOGIES, LANCASTER COUNTY PRISON.

2. THE PLAINTIFF, DID REQUEST TO BE COMPENSATED AND ASSERTTED HE WOULD BE FILING A COMPLAINT.

3. MR. BROOKS WAS TOLD THAT THEY WOULD NOT PROVIDE ANY RELIEF, AND REMINDED THE PLAINTIFF OF HIS RIGHT TO FILE CIVIL ACTION.

4. MR. BROOKS ELABORATED THAT HE WOULD PURSUE LEGAL ACTION FOR RELIEF HE FEELS, HE IS OWED. EXHAUSTING HIS ADMINISTRATIVE GRIEVANCE.

F.    If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here:

_____

    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

SUBMITTED GRIEVANCE 8/29/23 EXHAUSTED 10/13/23

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights)

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this
      action?

      ☐  Yes

      ☒  No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is
      more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

      1.    Parties to the previous lawsuit
            Plaintiff(s)  _____
            Defendant(s)  _____

      2.    Court *(if federal court, name the district; if state court, name the county and State)*

            _____

      3.    Docket or index number

            _____

      4.    Name of Judge assigned to your case

            _____

      5.    Approximate date of filing lawsuit

            _____

      6.    Is the case still pending?

            ☐  Yes

            ☐  No

            If no, give the approximate date of disposition.  _____

      7.    What was the result of the case? *(For example:  Was the case dismissed?  Was judgment entered
            in your favor?  Was the case appealed?)*

            _____

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your
      imprisonment?

☐ Yes

☒ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.    Docket or index number

_____

4.    Name of Judge assigned to your case

_____

5.    Approximate date of filing lawsuit

_____

6.    Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    July 3 2024

Signature of Plaintiff    _Corey M. Brooks_
Printed Name of Plaintiff    CORRY M. BROOKS
Prison Identification #    201600000921
Prison Address    625 EAST KING ST.
LANCASTER    PA    17602
    City    State    Zip Code

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____
Printed Name of Attorney    _____
Bar Number    _____
Name of Law Firm    _____
Address    _____
    _____
    City    State    Zip Code
Telephone Number    _____
E-mail Address    _____

USA FOREVER

LEGAL
MAIL

U.S.M.S.
X-RAY

CLERK OF COURTS
EASTERN DISTRICT PA
JAMES A. BYRNE U.S. COURTHOUSE
ROOM 2609
601 MARKET ST.
PHILADELPHIA PA 19106

19106-1796 0019

Name  Corey W Brooks
Number  2016000909.01
**Lancaster County Prison**
625 East King Street
Lancaster PA 17602-3199

LEGAL
MAIL

