# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CORRY M. BROOKS,** : | |
|     Plaintiff, : | |
| : | |
| v. : | **CIVIL ACTION NO. 23-CV-4535** |
| : | |
| **CHERYL STEBERGER,** *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

**PADOVA, J.**                                                                                          **DECEMBER 18, 2024**

    Corry M. Brooks, an inmate confined at Lancaster County Prison, filed a *pro se* Complaint in November 2023 alleging that his constitutional rights were violated in July 2023 when the prison's water supply became contaminated and he fell ill as a result. For the reasons set forth below, this matter will be dismissed with prejudice for failure to prosecute.

**I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

    In the initial Complaint, Brooks named as Defendants Warden Cheryl Steberger and PrimeCare Medical, Inc. ("PrimeCare"). (ECF No. 2.) By Memorandum and Order dated January 4, 2024, the Court granted Brooks leave to proceed *in forma pauperis,* dismissed his § 1983 claims for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and dismissed his state law claims for lack of subject matter jurisdiction. (ECF Nos. 7, 8.)[2] Brooks was given

---

[1] The Court adopts the sequential pagination assigned by the CM/ECF docketing system.

[2] The Court determined, *inter alia*, that Brooks failed to allege how Warden Steberger was personally involved in the events giving rise to his constitutional claims, as he merely alleged that Warden Steberger was responsible for the welfare of the inmates and the overall operations and functions of LCP. (*See* ECF No. 7 at 8.) Furthermore, the Court found that Brooks did not plausibly plead a claim of supervisory liability against Warden Steberger. (*Id.* at 8-9.) Brooks's claims against PrimeCare also were dismissed because Brooks failed to tie his allegations of deliberate indifference to his serious medical needs to a custom or policy of PrimeCare. (*Id.* at 10.) The official capacity claim against PrimeCare was dismissed with

thirty days' leave to file an amended complaint. (ECF No. 8.) He later sought an extension of time, which was granted. (ECF Nos. 9, 10.)

On March 4, 2024, Brooks filed an Amended Complaint alleging violations of his federal constitutional rights, as well as state law claims. (ECF No. 11.) By Memorandum and Order dated March 19, 2024, the Court dismissed the § 1983 claims presented in the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF. Nos. 12, 13.)[3] Brooks's state law claims again were dismissed without prejudice for lack of subject matter jurisdiction. (*Id.* at 16-17.) Brooks was given thirty days' leave to file a second amended complaint in the event he could cure the deficiencies noted by the Court. (ECF No. 13.) On April 18, 2024, Brooks filed a request for an extension of time, which was granted. (ECF Nos. 14, 15.) On May 28, 2024, Brooks filed the Second Amended Complaint. (ECF No. 16.)

In the Second Amended Complaint, Brooks indicated that PrimeCare, Lori Hensley, and Nurse Jane Doe were no longer parties to the matter, and named as Defendants Warden Cheryl Steberger and C.G.L. Maintenance Company ("C.G.L."), who was identified as a contractor providing maintenance services at the prison. (*Id.* at 1, 3, 5.) Brooks further indicated that the claims against Warden Steberger had been amended, that "dates and approximate times and places will remain in this Complaint," that "the 'Injuries' and 'Relief' portions of the original

---

prejudice. (*Id.* at 9 n.6.) Additionally, Brooks's negligence claim was dismissed without prejudice for lack of subject matter jurisdiction. (*Id.* at 11-12.)

[3] The Court determined that Brooks had failed to allege a plausible conditions of confinement claim or a plausible supervisory liability claim against Warden Steberger. (ECF No. 12 at 6-10.) Additionally, the Court found that Brooks failed to plausibly plead a constitutional claim based on inadequate medical care by Nurse Jane Doe, and consequently, failed to plausibly plead a failure to train claim against PrimeCare and Lori Hensley. (*Id.* at 10-15.) The Court also dismissed the official capacity claims against Nurse Jane Doe and Lori Hensley with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. (*Id.* at 15 n.2.)

Complaint will also stand," and that "all other sections of the original Complaint stand." (*Id.* at 1.) Soon thereafter, Defendant Steberger waived service and counsel for Defendant Steberger entered an appearance. (*See* ECF Nos. 17, 18, 19.)

In a June 10, 2024 Order, the Court informed Brooks that his attempt to incorporate portions of prior filings into the Second Amended Complaint was not permissible under the Federal Rules of Civil Procedure. (ECF No. 20.) The Court explained that although Federal Rule of Civil Procedure 15 contemplates amended pleadings, "an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (citations omitted). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.* (citation omitted). While the Court must liberally construe *pro se* pleadings, "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*). Due to the manner in which Brooks presented his claims in the Second Amended Complaint, the Court lacked a clear operative pleading and an understanding of his allegations and claims. Accordingly, the Court gave Brooks an opportunity to file a complete and comprehensive third amended complaint so that he could bring all of his allegations and claims together in one pleading. Brooks was given thirty days' leave to file a comprehensive third amended complaint and was provided with his prior, relevant filings to enable him to do so. (*See* ECF No. 20.)

On July 11, 2024, Brooks filed a Third Amended Complaint ("TAC") which named as Defendants Lancaster County Prison Warden Cheryl Steberger and C.G.L. (ECF No. 21.) The TAC is the operative pleading in this case.

On July 25, 2024, Defendant Steberger filed a Motion to Dismiss the TAC pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 22.)  Defendant Steberger argued that Brooks's Fourteenth Amendment claims should be dismissed because he failed to adequately plead Warden Steberger's personal involvement, failed to plausibly allege a claim for deliberate indifference with regard to his conditions of confinement, and failed to plausibly plead a claim for supervisory liability.  (*Id.* at 6-12.)  Defendant Steberger further argued that Brooks's gross negligence claim should be denied because it was barred by the provisions of the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8541 *et seq*.  (*Id.* at 12-13.)  Moreover, Defendant Steberger argued that the TAC failed to state a claim against her in her official capacity.  (*Id.* at 13.)

By Order dated July 26, 2024, Brooks was directed to file a response to Defendant Steberger's Motion to Dismiss no later than August 23, 2024.  (ECF No. 24.)  Brooks subsequently filed a letter dated August 14, 2024 requesting a thirty-day extension to file a response.  (ECF No. 28.)  He explained that he had been transferred to York County Prison on other matters, but would return to Lancaster County Prison after his hearing and needed additional time to file a response.  (*Id.*)  The Court granted Brooks's request such that the time for filing a response to Steberger's Motion was extended to September 23, 2024.  (ECF No. 29.)  To date, Brooks has not filed a response to Defendant Steberger's Motion to Dismiss.

In the meantime, by Order dated July 25, 2024, the Court directed the Clerk of Court to add C.G.L. as a Defendant in this case and directed service of the TAC on C.G.L.  (ECF No. 23.)  On September 30, 2024, the summons for C.G.L. was returned as unexecuted.  (ECF No. 30.)  After three attempts, the United States Marshals Service was unable to effect service at the address provided by Brooks.  (*See id.*)

Consequently, by Order dated October 21, 2024, the Court directed Brooks, within thirty days of the date of the Order, to show cause as to: (1) why his claims against Defendant Steberger should not be dismissed for failure to prosecute due to Brooks's failure to respond to Defendant Steberger's Motion to Dismiss; and (2) why his claims against C.G.L. should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve, or for failure to prosecute, if applicable. (ECF No. 31.) Brooks was advised that if he failed to respond to the Order, his claims may be dismissed for failure to prosecute. (*Id.*) To ensure that Brooks received the Order to Show Cause, the Order was sent to Brooks at both Lancaster County Prison and York County Prison. (*See id.*) The mailing to Brooks at York County Prison was returned as undeliverable, but nothing on the docket suggests that the mailing to Lancaster County Prison was not received. (ECF No. 32.)

To date, Brooks has not responded to the Order to Show Cause and his time to do so has now expired. For the reasons set forth below, Brooks's TAC will be dismissed with prejudice.

## II.   STANDARD OF REVIEW

Given Brooks's failure to respond to the Court's Orders, the Court will consider whether it is appropriate to dismiss this case for failure to prosecute. Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action when a plaintiff fails to prosecute the case, fails to comply with the rules of procedure, or fails to comply with a court order. *See* Fed. R. Civ. P. 41(b). "A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." *Sebrell ex rel. Sebrell v. Phila. Police Dep't*, 159 F. App'x 371, 373 (3d Cir. 2005) (*per curiam*) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Ordinarily, a court determining whether to *sua sponte* dismiss a case because of a plaintiff's failure to prosecute must consider several

factors as set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). *See, e.g.*, *Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994). However, an analysis under *Poulis* usually is not required when a plaintiff willfully abandons the case or makes adjudication impossible. *See Dickens v. Danberg*, 700 F. App'x 116, 118 n.2 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary." (citations omitted)); *Baker v. Accts. Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

However, in the context of a pending motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), granting a defendant's motion to dismiss a case where the plaintiff has failed to respond thereto is effectively akin to sanctioning the plaintiff for failing to comply with a local rule or court order, and a drastic sanction like dismissal with prejudice requires a *Poulis* analysis. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 29-30 (3d Cir. 1991). A court cannot grant a Rule 12 motion as "unopposed" or "uncontested" without a *Poulis* analysis. *See, e.g.*, *Washington v. Wenerowicz*, No. 21-2741, 2022 WL 39870, at *2 n.5 (3d Cir. Jan. 5, 2022) (*per curiam*) (citation omitted); *Adkins v. Reynolds*, 788 F. App'x 824, 826 (3d Cir. 2019) (*per curiam*); *Wiggins v. MacManiman*, 698 F. App'x 42, 43-44 (3d Cir. 2017) (*per curiam*); *Jones v. Unemployment Comp. Bd. of Rev.*, 381 F. App'x 187, 189 (3d Cir. 2010) (*per curiam*) (citation omitted); *Shuey v. Schwab*, 350 F. App'x 630, 632-33 (3d Cir. 2009); *Hernandez v. Palakovich*, 293 F. App'x 890, 894 (3d Cir. 2008). That is so even if, as here, the plaintiff has been ordered to respond and warned that failure to respond could result in dismissal. *Brzozowski v.*

*Pennsylvania Tpk. Comm'n*, 738 F. App'x 731, 734 (3d Cir. 2018) (*per curiam*) (remanding where "[t]he District Court did not acknowledge the *Poulis* factors.  Instead, in dismissing Brzozowski's amended complaint, the District Court merely noted that: (1) it directed Brzozowski to respond to the Commission defendants' motion; (2) it warned him that failure to respond might result in dismissal; and (3) Brzozowski nevertheless failed to respond").  Thus, the Court will consider the *Poulis* factors to determine whether it is appropriate to dismiss Brooks's case for failure to prosecute.

**III.    DISCUSSION**

In *Poulis*, the United States Court of Appeals for the Third Circuit articulated six factors to consider when determining whether to dismiss an action due to a plaintiff's failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary . . . ; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868 (emphasis omitted).  When balancing the *Poulis* factors, there is no "magic formula," "no single *Poulis* factor is dispositive," and all six factors need not be satisfied for a court to dismiss a complaint.  *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quotations omitted).  In this case, an assessment of the *Poulis* factors weighs in favor of dismissing this action.

As to the first *Poulis* factor, the extent of the party's personal responsibility, it is Brooks's sole responsibility to prosecute his case and comply with Court orders.  *See id.* at 258-59 (explaining that "a pro se plaintiff is personally responsible for complying with the court's orders" and "it is logical to hold a pro se plaintiff personally responsible for delays in his case

because a pro se plaintiff is solely responsible for the progress of his case" (citations omitted)); *Emerson v. Thiel Coll.*, 296 F.3d 184, 190-91 (3d Cir. 2002) (where litigant was proceeding *pro se*, any failure to comply with orders was attributable to him). Brooks was given three opportunities to file a response to Defendant Steberger's Motion – the first when the Motion was initially filed and he was directed to respond, the second when Brooks requested an extension of time which was granted, and the third when the Order to Show Cause was issued. (*See* ECF Nos. 24, 29, 31.) Brooks was expressly informed that if he failed to respond to the Court's Order to Show Cause and file a response, this case could be dismissed for failure to prosecute. (*See* ECF No. 31.) Nonetheless, Brooks failed to file a response to the Motion and did not communicate with the Court in any other respect. Brooks, as a self-represented litigant, is solely responsible for complying with the Court's orders. This factor, therefore, weighs in favor of dismissal.

The second factor, prejudice to the defendants, is neutral here. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). Since this case is in the early stages of litigation, there appears to be no prejudice to Defendants at this point. However, as a practical matter, it is unclear how the Defendants could be expected to defend against a case with an unresponsive plaintiff if the case were to move forward.

The third factor, a history of dilatoriness, must be assessed over the lifetime of the case, keeping in mind that "conduct that occurs one or two times is insufficient." *Briscoe*, 538 F.3d at 261 (quotation omitted). However, "[e]xtensive or repeated delay or delinquency constitutes a

history of dilatoriness, such as . . . consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874 (citations omitted). On the one hand, this case is in the early stages of litigation. On the other hand, the litigation cannot proceed beyond this initial stage due to Brooks's repeated failure to comply with the Court's Orders. The delay is solely attributable to Brooks and nothing in the record provides a reasonable explanation as to why he is unable to comply with the Court's directives. For example, there is no indication on the docket that Brooks failed to receive the Court's Orders directing him to file his response to the Motion.[4] Indeed, Brooks requested an extension of time, which was granted. (*See* ECF Nos. 28, 29.) Because the record shows unexplained delays in Brooks's prosecution of the case, this factor weighs in favor of dismissal.

The fourth factor, whether plaintiff's conduct was willful or in bad faith, weighs in favor of dismissal. As noted above, Brooks has been expressly and repeatedly instructed on what he was required to do to prosecute this case, namely respond to the pending Motion, and also has been expressly informed of the consequences of the failure to comply with the Court's Orders. The Court's most recent Order (ECF No. 31) made clear that if Brooks failed to comply with the Order, his case could be dismissed. On this record, Brooks's failure to file a response may fairly be understood as willful.

An examination of the fifth factor, the effectiveness of sanctions other than dismissal, reveals that no other sanction would be effective. Brooks is proceeding *pro se* and his apparent refusal to respond to the pending Motion, if left unaddressed, would be a complete barrier to this case proceeding beyond the pleadings stage. Given the procedural posture of this case, Brooks's

---

[4] Although the docket reflects that Brooks did not receive the mailing sent to York County Prison, it suggests he received the mail sent to Lancaster County Prison.

*pro se* and *in forma pauperis* status, and Brooks's apparent unwillingness to prosecute his claims by responding to the pending Motion, it is difficult to determine what lesser sanction might be available or appropriate in this context. *See Adonai-Adoni v. King*, 506 F. App'x 116, 119 (3d Cir. 2012) (*per curiam*) ("Because Adonai-Adoni proceeded pro se and in forma pauperis, monetary sanctions were not a viable form of alternative sanction."); *Guyer v. Beard*, 907 F.2d 1424, 1430 (3d Cir. 1990) (affirming dismissal of case where dilatory conduct "made adjudication of the case impossible" and thus "any lesser sanction would not have furthered the interests of justice"); *King v. Galano*, No. 14-1691, 2015 WL 6523459, at *3 (D.N.J. Oct. 28, 2015) ("Plaintiff's history of nonparticipation and noncompliance in this matter suggests that alternative sanctions would be futile."). As such, no other sanction would be effective. The fifth factor thus weighs in favor of dismissal.

Under the sixth *Poulis* factor, the Court must consider if the claims or defenses are meritorious. *See Poulis*, 747 F.2d at 869-70 ("A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." (citations omitted)). It is possible that at least some of Brooks's claims against the Defendants may have merit. However, the Court has not analyzed Defendant Steberger's Motion, and has no cause to do so now because a plaintiff must pursue his claims if he is to recover. Brooks's conduct is simply "incompatible with maintaining a lawsuit." *See Stephen v. United States Att'y Gen.*, No. 18-0615, 2020 WL 832914, at *4 (M.D. Pa. Jan. 10, 2020), *report and recommendation adopted*, No. 18-0615, 2020 WL 820192 (M.D. Pa. Feb. 19, 2020); *see also Smith v. Atlas Fitness Incorporation Sys.*, No. 10-1021, 2011 WL 3608601, at *3 (M.D. Pa. July 20, 2011) ("Since no party is actively litigating this case at present it is impossible to assess what merit, if any, there may be to these claims."), *report and*

*recommendation adopted*, 2011 WL 3608594 (M.D. Pa. Aug. 16, 2011).  The Court concludes that the sixth factor is neutral.

Even if the Court were to find that the sixth *Poulis* factor weighs against dismissal at this stage of the litigation, the first, third, fourth, and fifth *Poulis* factors weigh in favor of dismissal.  A plaintiff may have a meritorious claim, but he must prosecute that claim in accordance with the Federal Rules of Civil Procedure and this Court's orders to prove that claim and entitle himself to judgment, if warranted.  Absent a plaintiff who is participating in the legal process, this case cannot move forward.

## IV.     CONCLUSION

For the foregoing reasons, the Court finds that the *Poulis* factors weigh in favor of dismissing this action pursuant to Federal Rule of Civil Procedure 41(b) for Brooks's failure to prosecute.  Simply put, there is no way for this litigation to proceed without Brooks's participation.  An appropriate order will be filed separately, dismissing the case.

BY THE COURT:

/s/ John R. Padova, J.
_____
John R. Padova, J.